IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STACEY A. MITCHELL**                                                                          **PLAINTIFF**
**ADC #099792**

v.                                  No: 4:24-cv-01088-LPR-PSH

**MARY REYNOLDS,** *et al.*                                                                     **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Stacey A. Mitchell, an Arkansas Division of Correction (ADC) inmate, filed this *pro se* civil rights lawsuit raising Eighth Amendment deliberate indifference and state law negligence claims against defendants Mary Reynolds, Gaylon Lay, Joe Page, and Kenny Bolden (Doc. Nos. 12-13). He alleged that unsafe

working conditions in an ADC work release program and a lack of training on using a saw caused him to lose several fingers after an accident that occurred in December of 2022.  Doc. No. 12 at 1-3.

Before the Court is a motion for summary judgment, brief in support, and a statement of undisputed facts filed by the defendants, claiming that Mitchell did not exhaust available administrative remedies before he filed this lawsuit (Doc. Nos. 42-44).  Mitchell filed several pleadings in response (Doc. Nos. 48-51).  For the reasons described below, the defendants' motion for summary judgment should be granted, and Mitchell's claims against them should be dismissed without prejudice for failure to exhaust available administrative remedies.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations

must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Analysis

The defendants argue that Mitchell's claims against them should be dismissed because he failed to exhaust his administrative remedies before he filed this lawsuit. Doc. No. 43. In support of their motion, the defendants submitted the declaration of

Terri Grigsby-Brown, the ADC's Inmate Grievance Appeal Coordinator (Doc. No. 42-1); a copy of the ADC's grievance policy, Administrative Directive 19-34 (Doc. No. 42-2); Mitchell's grievance history (Doc. No. 42-3); a copy of Grievance PB-24-00168 (Doc. No. 42-4); the Declaration of Tabatha Thomas (Doc. No. 42-5); and Mitchell's Status Assignment Sheet (Doc. No. 42-6).

A.     *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014).  Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA does not prescribe the manner in which exhaustion occurs.  *See Jones v. Bock*, 549 U.S. at 218.  It merely requires compliance with prison grievance procedures to properly exhaust.  *See id*.  Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.  *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 42-2 at 5. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 6. Inmates are to "specifically name each individual involved in order that a proper investigation and response may be completed." *Id*. at 5. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 6. A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id.* at 6-7. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 9. If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for response. *Id.* at 10. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director. *Id.* at 11-12. Once the Deputy Director responds or the appeal is rejected, the grievance process is exhausted. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically

states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

### B.     *Grievance PB-24-00168*

In her declaration, Inmate Grievance Supervisor Terri Grigsby-Brown stated that she searched Mitchell's grievance history from December 7, 2022 (when the saw accident occurred), and December 11, 2024 (when Mitchell filed this lawsuit) for non-medical grievances pertaining to Mitchell's claims in this case or naming any of the defendants. *See* Doc. No. 42-1 at ¶¶ 33-34. She identified one grievance pertaining to Mitchell's claims in this case, PB-24-00168. *Id.* at ¶ 35. Mitchell did not identify or provide any additional grievances with his responsive pleadings. *See* Doc. Nos. 48-51.

Mitchell initiated PB-24-00168 on October 7, 2024. Doc. No. 42-4. He complained that the negligence and deliberate indifference of Lay, Page, and Reynolds caused him to suffer a "life-altering and catastrophic accident" in 2022 resulting in the amputation of his left hand. *Id.* at 3. He did not name Bolden in this grievance. *Id.* The grievance was rejected as untimely, with the warden noting that the incident at issue had occurred 667 days earlier. *Id.* at 4. Mitchell appealed, claiming that he could not grieve the incident within 15 days due to his injuries and that he only recently became mentally able to do so. *Id.* His appeal was also rejected as untimely. *Id.* at 5.

C.   *Mitchell's Exhaustion of Available Remedies*

The defendants argue that Mitchell did not exhaust administrative remedies with respect to his claims because he did not timely grieve his complaints against them. Doc. No. 43 at 9-10. The defendants also claim that grievance PB-24-00168 cannot exhaust Mitchell's claims against defendant Bolden because he is not named in it. *Id.* at 11. The defendants assert that Mitchell was released from the Ester Unit infirmary and transferred back to the Pine Bluff Work Release Program on January 10, 2023, but still did not file a grievance about the accident until approximately a year and eight months later. Doc. No. 43 at 10; Doc. No. 42-5 (Thomas Declaration) at ¶¶ 5-7; Doc. No. 42-6 (Status Assignment Sheet) at 3.

Mitchell concedes he did not exhaust his claims as to Bolden, but argues that the grievance procedure was unavailable to him because he was unable to grieve in a timely manner due to his injuries. Doc. Nos. 48-49. Specifically, he claims that he was hospitalized until December 13, 2022, and then transferred to the ADC's Ester Unit to recover until January 10, 2023. Doc. No. 49. He further claims that once he was released from the hospital, he was "lulled into inaction" and the "last thing on [his] mind was filing a grievance." Doc. No. 48.

The Supreme Court in *Booth v. Churner* held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." 532 U.S. 731, 738–39

(2001). The Eighth Circuit has found administrative remedies to be unavailable where prison officials prevented inmates from utilizing the grievance procedures or where officials failed to comply with such procedures. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). The United States Supreme Court held that an administrative remedy is unavailable when "it operates as a simple dead end," or when it "might be so opaque that it becomes, practically speaking, incapable of use." *Ross v. Blake,* 136 S. Ct. 1850, 1859 (2016). The Eighth Circuit Court has held that the Court should first analyze whether an administrative remedy is available before addressing other possible deficiencies in the grievances filed. *See Smith v. Andrews*, 75 F.4th 805, 809 (8th Cir. 2023).

The record in this case belies Mitchell's assertion that he could not grieve his complaints prior to October of 2024. While he claims he was "lulled into inaction," he does not further describe an impediment or obstacle to his using the ADC's grievance procedure to grieve his complaints about the defendants and their role in the accident that caused his injuries. Mitchell provides no proof to support his allegation that he could not use the grievance procedure upon his return to the Pine Bluff Unit in January 2023. A plaintiff's unsupported statement is insufficient to defeat a properly supported motion for summary judgment. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569 (2000) ("When the movant makes a prima facie showing of

entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.")). Mitchell also does not claim that he requested help from the prison in filing a grievance but was denied, or that he was prevented from getting help if he needed it.

## IV. Conclusion

For the reasons stated herein, the Court recommends that the defendants' motion for summary judgment (Doc. No. 42) be granted, and Mitchell's deliberate indifference claims against the defendants be dismissed without prejudice due to Mitchell's failure to exhaust available administrative remedies. Further, the Court should decline to exercise jurisdiction over Mitchell's pendent state law claims.[1]

SO RECOMMENDED this 23rd day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] *See ACLU v. City of Florissant,* 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[W]hen state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity."). *See also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("The judicial resources of the federal courts are sparse compared to the states. We stress the need to exercise judicial restraint and avoid state law issues wherever possible.").